# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8057 | **DATE** | 3/28/2002 |
| **CASE TITLE** | American Alternative Insurance vs. Loyalty Environmental, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant plaintiff American Alternative Insurance Corporation's motion for summary judgment [8-1]. Therefore, judgment is granted in favor of the plaintiff, American Alternative Insurance Corporation. This case is set for status on 4/18/2002 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 29 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 28 PM 5:44 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, a New York Corp., | )<br>)<br>) |
| Plaintiff, | ) No. 00 C 8057 |
| v. | ) Wayne R. Andersen<br>) District Judge |
| LOYALTY ENVIRONMENTAL, INC., BYRON DEMONS, and PAULETTE CLARK, | )<br>)<br>) |
| Defendants. | ) |

**DOCKETED**
MAR 2 9 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of plaintiff, American Alternative Insurance Corporation for summary judgment against defendant Bryon Demons pursuant to Fed.R.Civ.P. 56. For the following reasons, we grant plaintiff's motion for summary judgment.

## BACKGROUND

American Alternative Insurance Corporation ("AAIC") is a stock insurance company incorporated under the laws of the State of New York, with its principal place of business in New York, New York. Loyalty Environmental, Inc. ("Loyalty") is a dissolved corporation formerly incorporated in the State of Illinois, with its former principal place of business in Skokie, Illinois. Loyalty owned and operated a company employing asbestos abatement workers assigned to various work sites in the Chicago metropolitan area. AAIC issued a commercial general liability policy to Loyalty (the "Policy") for the period of September 30, 1997 through September 30, 1998.

On July 1, 1998, Bryon Demons was employed by Loyalty as an asbestos abatement

worker and was working on a project at Ogden Elementary School, in the Village of LaGrange, Cook County, Illinois. Also on site at the school was Paulette Clark who worked for Northern Environmental, a contractor whose job it was to monitor Loyalty's performance on the Ogden project. Clark alleges that on July 1, 1998, Demons took her against her will into a ladies' restroom at Ogden Elementary School and assaulted, battered, and sexually abused her. On May 12, 1999, Demons was convicted of criminal sexual assault against Clark in the Circuit Court of Cook County, Illinois.

## **PROCEDURAL HISTORY**

On March 23, 2000, Clark filed a civil action in the Circuit Court of Cook County, Illinois against Demons and Loyalty (the "*Clark* suit"). Clark's civil complaint consists of the following four counts: (1) negligent hiring/supervision; (2) negligent infliction of emotional distress; (3) battery; and (4) intentional infliction of emotional distress. All four counts are directed against Loyalty; counts two, three, and four are directed against Demons.

The instant case arises from Clark's civil suit against Loyalty and Demons. Demons and Loyalty have sought coverage for the *Clark* suit under the Policy. AAIC denied Demons a defense and filed an action in this Court on December 26, 2000 for declaratory judgment to determine the rights and obligations under the Policy. AAIC filed an amended complaint for declaratory relief on May 23, 2001.

AAIC has filed a motion for summary judgment against Demons. To date, Demons has failed to file a response to AAIC's motion for summary judgment. In fact, in an October 15, 2001 letter written by Mr. Demons to Mark Christensen, an attorney for AAIC, Mr. Demons made the following concession: "I am perfectly aware that there is no coverage for me under the

CGL Policy, and AAIC owes me no duty to defend with respect to Plaintiff's [Clark's] complaint." Thus, it is apparent that AAIC's motion for summary judgment clearly is unopposed.

## DISCUSSION

I. Legal Standards

Under Federal Rule of Civil Procedure 56(c), a trial judge must grant summary judgment if the evidence offered demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). The moving party initially must inform the court of the basis for its motion and identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that the movant believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 333, 106 S.Ct. 2548 (1986) (quoting Federal Rule of Civil Procedure 56(c)); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598 (1970). A "genuine" factual issue is one that properly can be resolved only by a finder of fact because it may reasonably be resolved in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250, 106 S.Ct. 2505.

In assessing whether there are any factual issues to be tried, a court must view the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993 (1962) (per curiam). If the nonmovant's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249-50, 82 S.Ct. 993.

In this case, diversity jurisdiction exists. A federal court sitting in diversity on a case

3

arising in Illinois is bound to apply the law of Illinois. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817 (1938); *Ace Cycle World, Inc. v. American Honda Motor Co.*, 788 F.2d 1255 (7th Cir. 1988).

II. Analysis

In this case, we must determine whether AAIC is obligated to defend or indemnify Demons under a commercial general liability policy it has with his previous employer, Loyalty. An insurer's duty to defend is determined by comparing the allegations of the underlying complaint with the relevant provisions of the insurance policy. *See Dixon Distributing Co. v. Hanover Ins. Co.*, 161 Ill.2d 433, 438, 641 N.E.2d 395 (1994). If the underlying complaint alleges facts within, or potentially within, the policy's coverage, then the insurer is obligated to defend the insured. *See American States Ins. Co. v. Koloms*, 177 Ill.2d 473, 479, 687 N.E.2d 72, 75 (1997).

The threshold issue, then, is one of contract construction. When asked to interpret insurance policies, courts give effect to the parties' intent as expressed in their agreement. *See id.*, 177 Ill.2d at 479-80, 687 N.E.2d at 75. If the policy's terms are unambiguous, they are given their plain and ordinary meaning. *Id.* The construction of an unambiguous provision in an insurance policy is a question of law, and a policy's terms are to be applied as written unless those terms violate public policy. *See Roberts v. Northland Ins. Co.*, 185 Ill.2d 262, 705 N.E.2d 762 (1998).

Here, the language of the Policy is straightforward. Referencing such language, AAIC contends that it does not have a duty to defend Demons in the *Clark* suit because the Policy specifically excludes coverage for any "occurrence" that is "expected or intended by the insured."

4

AAIC cites Demons' conviction for sexual assault as evidence that he intended or expected harm to befall Clark and argues that, therefore, he is excluded from the Policy's coverage. Additionally, AAIC asserts that it does not have a duty to indemnify Demons because Demons' activity, and the resulting damage to Clark, do not fall within the Policy's coverage. For the reasons set forth below, we agree.

A. <u>Duty To Defend</u>

The Policy in the instant case states the following:

1. Insuring Agreement.

> This insurance applies to "bodily injury" and "property damage" only if . . . [t]he "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."
> . . .

2. Exclusions.

> This insurance does not apply to . . . (a) . . . "Bodily injury" or "property damage" expected or intended from the standpoint of the insured."

The Policy further provided:

"Occurrence" means an accident, including continued or repeated exposure to substantially the same general harmful conditions.

AAIC argues that Demons' criminal conviction for sexual assault provides proof of his intent to harm Clark and, thus, he is not covered under the Policy.

In *American Family Mutual Ins. Co. v. Savickas*, 193 Ill.2d 378, 739 N.E.2d 445 (2000), the insured shot and killed a man and was criminally convicted for murder. The estate of the victim brought a wrongful death action against the insured. The insurance policy specifically excluded from coverage bodily injury or property damage "expected or intended by any insured."

5

The Illinois Supreme Court concluded that a criminal conviction for assault conclusively established intent on the part of the insured and relieved the insurer of the duty to defend in the subsequent civil case. 193 Ill.2d at 387, 739 N.E.2d at 451.

The *Savickas* Court held that "estoppel effect may be accorded to a prior criminal conviction in an appropriate case." *Id.* The Court defined an appropriate case in which to apply estoppel as one that meets three requirements: 1) the issue decided in the prior adjudication must be identical to the one presented in the suit in question; 2) there must have been a final judgment on the merits in the prior adjudication; and 3) the party against whom estoppel is asserted must have been a party or in privity with a party to the prior adjudication. *Id.* Additionally, a court may not apply estoppel "unless it is clear that no unfairness will result to the party sought to be estopped." *Id.* at 387.

The issue in the instant case is whether Demons "intended or expected" harm to befall Clark and, thus, is excluded from coverage under the Policy. Under the first *Savickas* requirement, Demons' conviction is proof of his intent to cause harm and the issues were the same in both his criminal case and in the *Clark* suit. *Cf. State Farm Fire & Casualty Co. v. Watters*, 268 Ill.App.3d 501, 506-07, 644 N.E.2d 492, 496 (1994) (specific intent to harm is inferred as a matter of law in sexual abuse cases); *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill.App.3d 617, 619, 411 N.E.2d 1157, 1159 (1980) (injury caused by an assault and battery normally is not considered to be accidental, even if the specific injury was not intended).

Moreover, Demons' conviction of sexual assault also meets the second *Savickas* requirement because he was convicted prior to a determination of liability in the *Clark* case. Finally, this case meets the third *Savickas* requirement that the party against whom estoppel is

asserted, Demons, was a party or in privity with a party to the prior adjudication. Clearly, he was since he was the person convicted of the sexual assault. Moreover, as the insured in *Savickas*, Demons had a full and fair opportunity to litigate all relevant issues in his criminal trial.

We find that the acts committed by Demons against Ms. Clark were intentional and resulted in bodily injury. As such, the acts are not an occurrence under the Policy. For these reasons, we find that AAIC has no duty to defend Demons in the *Clark* suit.

### B. Duty to Indemnify

The question whether an insurer has a duty to indemnify is ripe only if the insured has already incurred liability in the underlying claim. *Outboard Marine Corp. v. Liberty Mutual Ins. Co.*, 154 Ill.2d 90, 127-28, 607 N.E.2d 1204 (Ill. 1992). At that point, the duty to indemnify arises if the insured's activity and any resulting loss actually fall within the policy's coverage. As stated above, Demons' conduct alleged in the *Clark* suit, does not fall within the coverage of AAIC's Policy and, thus, AAIC cannot incur liability. In sum, AAIC has no duty to indemnify Demons should he be found liable in the *Clark* suit.

For these reasons we find that:

1. Demons' criminal conviction establishes his intent to commit criminal acts under Illinois law;
2. Because the Policy specifically excludes from coverage bodily injury "expected or intended by any insured," AAIC has no duty to defend Demons with respect to the *Clark* suit; and
3. Because the Policy specifically excludes from coverage bodily injury "expected or intended by any insured," AAIC has no duty to indemnify Demons.

## CONCLUSION

For the foregoing reasons, we grant plaintiff American Alternative Insurance Corporation's motion for summary judgment. (#8-1). Therefore, judgment is granted in favor of the plaintiff, American Alternative Insurance Corporation. This case is set for status on April 18, 2002 at 10:00 a.m.

                                                                             _____
                                                                             Wayne R. Andersen
                                                                             United States District Judge

Dated: March 28, 2002